UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: JAMES PETER CROWLEY,

KENT COUNTY PROBATE COURT,

        Plaintiff,

                                    File No. 1:11-CV-1323

v.

                                      HON. ROBERT HOLMES BELL

ROLAND BESSETTE,

        Interested party.

_____/

**O P I N I O N**

        This matter is before the Court on Roland Bessette's motion for reconsideration of the Court's September 13, 2012, order granting Kent County Probate Court's motion to remand and finding as moot Bessette's motion to quash the order to show cause issued by the state court (Dkt. No. 35). (Dkt. No. 40.) For the reasons that follow, this motion will be denied.

**I.**

        The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

        Although there is no specific provision for a motion for reconsideration in the Federal

Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal  Rule of Civil Procedure 59(e).  *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982)).  A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

II.

Bessette seeks reconsideration on three grounds: (1) the Court ignored the fact that the probate court lacked jurisdiction over him; (2) the Court's analysis overlooked that at the time of removal there was a colorable federal defense to monetary damages and criminal prosecution; and (3) the Court misapplied the pleading standards for dismissal under Federal Rule of Civil Procedure 12(b)(6) to the question of whether a federal official has a colorable defense.

**1. The Probate Court's Jurisdiction**

Bessette first contends that the Court skipped the "threshold jurisdictional issue" and did not recognize the "unique status of a 'mere interested party'" in a state probate court proceeding.  (Dkt. No. 42, at 1.)  In support he cites two propositions: (1) an attorney cannot be held in contempt for violating an order the issuing court lacked jurisdiction to enter; and (2) the Probate Court lacked jurisdiction.  (*Id.* at 4.)

Bessette's argument misses the point.  The existence of a potential underlying jurisdictional defect in this case is entirely a state court matter.  The entire basis of the contention that the Probate Court has no jurisdiction over interested parties rests on an interpretation of state law.  Bessette points to Michigan Court Rule 2.117(A)(2) which states: "[f]iling an appearance without taking any other action toward prosecution or defense of the action neither confers nor enlarges the jurisdiction of the court over the party."  Bessette reads this rule as proving that his act of voluntarily filing an appearance – and his copying of the court on correspondence – did not confer jurisdiction of the court over him or the Department of Veteran Affairs ("VA").

But while this state rule may provide Bessette the relief he seeks, the proper forum to raise such a claim is before the state Probate Court and not this Court.  The issue at hand is not the sovereign immunity of the VA as Bessette claims.  The issue is whether a state court has jurisdiction over an attorney who voluntarily files an appearance on behalf of a party and subsequently copies the court on correspondence.  If the answer is no, then the state court has no jurisdiction over Bessette and may not hold him in contempt regardless of Bessette's alleged federal defenses.  If the answer is yes, then the state court may hold Bessette in contempt as an attorney who has consented to the court's jurisdiction (by voluntarily filing an appearance) and then ignored – not even objecting when it was issued – a properly issued court order.  But neither alternative requires a federal court to make a sovereign immunity ruling.  Indeed, the determination of this question will instead rest on Michigan cases and

3

Michigan's court rules.

Bessette disagrees, arguing that if Michigan law is interpreted as giving the Probate Court jurisdiction over interested parties then sovereign immunity is necessarily implicated when the interested party is a federal agency. He states: "the probate court's effort to compel the VA to participate through its representative was an effort in which any judgment would have impacted expenditures of federal funds, interfered with the VA's decisions regarding administration of those benefits, and compelled the VA to act." (Dkt. No. 42, at 8.) In such a case, Bessette argues that there would have to be an unambiguous act of Congress to waive the VA's sovereign immunity and subject it to the jurisdiction of the probate court. (*Id.*)

However, this argument again ignores the facts of the present matter. If the state court is determined to have jurisdiction over interested parties who file an appearance under Michigan law, Bessette and the VA impliedly consented to that jurisdiction by voluntarily filing an appearance.[1] They never raised sovereign immunity at the time they filed the appearance, nor did they raise it when the judge issued an order asking Bessette to appear at a scheduling conference. Instead, Bessette seeks to raise sovereign immunity as an

---

[1]Bessette has conceded that he was not required to file an appearance in order to receive notice of the disposition of veterans' benefits:

> While Michigan law requires the courts and parties to provide the VA with notice of hearings relating to the disposition of estates involving veterans' benefits, out of an abundance of caution the VA fiduciary staff in this region frequently filed an interested party appearance to ensure that the parties and probate court actually provided the notice that state law requires.

(Dkt. No. 10, Bessette Br. at 6.)

afterthought to excuse his failure to comply with the order.  If the VA wanted to preserve its sovereign immunity it could have done so by not filing an appearance or by raising the argument when the order to appear was issued.  By waiting until now to raise the issue, Bessette leaves the Court with no alternative but to view his actions, to the extent they can even be considered to have been undertaken in his official capacity, as an implied waiver of sovereign immunity.

Consequently, the threshold jurisdiction of the Probate Court is a question that depends entirely on state law and is not a basis for removal to federal court.

## 2. The Federal Defense of Immunity to Monetary Damages and Criminal Prosecution

Bessette also argues that the Court "overlooked the fact that at the time of removal, the contempt proceeding was for civil contempt and that a monetary fine or damages can be imposed for civil contempt."  The Court did not overlook this fact, it just found it irrelevant. No case has held that a federal attorney is immune from fines resulting from being held in contempt of a state court.  Indeed, a contempt proceeding would appear to apply to Bessette in his personal capacity, as a member of the Michigan bar and an officer of the court, not in his official capacity.

But in any case, even assuming that Bessette is immune from compensatory damages, that does not make him immune from a contempt proceeding.  A colorable federal defense to one of many alternative remedies available to a state court that finds an attorney in contempt is not a colorable federal defense to the holding of the attorney in contempt itself.

Bessette also alleges that "[t]he court's decision does not address the reality that the probate court is attempting to turn this into a criminal prosecution from which the Regional Counsel is immune." (Dkt. No. 42, at 11.)  The Court did not discuss this "reality" because it does not exist.  This case does not involve a state criminal prosecution.  Instead, at issue is a state court contempt proceeding. This proceeding does not become a criminal prosecution merely because the Probate Court has indicated it does not intend to seek monetary damages.  Nothing in the Probate Court's briefs have indicated anything to the contrary.  As it has stated numerous times, it only seeks the ability to decide whether Bessette should be held in contempt of court.  (*See, e.g.*, Dkt. No. 24, at 9.)

### 3. The Standard for a Colorable Federal Defense

Last, Bessette contends that "[t]he Court's Opinion misapplied the Rule 12(b)(6) standard to the unique statutory provision intended to create a low threshold for federal officer removals." (Dkt. No. 42, at 11.)  Bessette is referring to this Court's citation of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  (Dkt. No. 34, at 7.)  However, Bessette misconstrues this Court's opinion.  The Court did not apply the *Twombly* standard for pleading to the removal statute at issue.  Instead it applied Sixth Circuit precedent that held that "colorable" meant that a federal defense must be plausible.  *See, e.g., Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir. 2010).  The Court cited to *Twombly* merely for support for the common sense conclusion that plausible means more than mere assertion. Bessette should not read anything more into the Court's citation of *Twombly* than that.

**III.**

Bessette has not identified a palpable or misleading defect with the Court's opinion.

While he may have viable defenses to the order to show cause, these defenses are state

defenses that rely on state law and should be heard in state court.  Accordingly, his motion

for reconsideration will be denied.

An order will be entered consistent with this opinion.


Dated: September 26, 2012                        /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE